Filed 3/30/15  P. v. Clark CA3

<u>**NOT**</u> <u>**TO**</u> <u>**BE**</u> <u>**PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076101 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F10531) |
| v. | |
| ALPHONSO RAMON CLARK, | |
| Defendant and Appellant. | |

Defendant Alphonso Ramon Clark appeals from the summary denial of his petition for placement in a conditional release program pursuant to Penal Code section 1026.2.[1]  He argues the trial court's denial of his petition without a hearing, appearance, or statement of reasons is erroneous.  The People contend summary denial of defendant's petition was proper because he was ineligible for release under section 1026.2 due to his extended commitment pursuant to section 1026.5, subdivision (b) (hereafter section 1026.5(b) [and related subparts]).  We conclude defendant is statutorily ineligible to pursue release under the provisions of section 1026.2.  Therefore, the trial court did not err in summarily denying his petition.  We affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## PROCEDURAL BACKGROUND

In May 1999, defendant was found not guilty by reason of insanity of battery on a correctional officer (§ 4501.5) and gassing a correctional officer (§ 4501.1). He was committed to the State Department of Mental Health pursuant to former section 1026, with the commitment set to expire on October 15, 2007. In November 2007, following a petition by the People pursuant to section 1026.5 and a stipulation amongst the parties, the trial court extended defendant's commitment by two years to October 15, 2009, and released defendant to a conditional release program.

In the ensuing years, defendant was repeatedly placed on outpatient status; his outpatient status was repeatedly revoked due to violations of the conditional release terms, and defendant's commitment was repeatedly extended pursuant to section 1026.5 and the provisions of section 1600 et seq. Finally, in April 2013, pursuant to defendant's stipulation, the court extended defendant's commitment for two years to January 14, 2015, pursuant to section 1026.5(b).

Then, on January 23, 2014, during his extended commitment, defendant petitioned the court pursuant to section 1026.2 to be released to outpatient treatment. The court denied defendant's petition the same day without a hearing and without providing a statement of its reasoning.

## DISCUSSION

Defendant contends the trial court erred in summarily denying his petition because, as a "person . . . committed to a state hospital" pursuant to section 1026 (§ 1026.2, subd. (a)), he argues he is eligible to seek release pursuant to the provisions of section 1026.2.[2] The People respond that because defendant's commitment was extended

_____

[2] The statutory scheme we discuss uses the term "defendant" in section 1026 but thereafter uses the term "person" for the individual confined or committed to the state hospital or treatment facility. (See §§ 1026.1, 1026.2, 1026.5, 1600 & 1608.)

2

pursuant to section 1026.5(b), he was no longer entitled to avail himself of the release procedures set forth in section 1026.2 but was limited to the procedures delineated in section 1026.5(b)(9).  We agree with the People.

## I.  Rules of Statutory Construction

" ' "A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law.  [Citations.]  In construing a statute, our first task is to look to the language of the statute itself.  [Citation.]  When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms.  [Citations.]" [Citations.]' (*People v. Phelps* (1996) 41 Cal.App.4th 946, 949.)" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046.)  Moreover, " ' " '[i]t is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.'  A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." ' " (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 51.)

## II.  Statutory Framework

Pursuant to section 1026, a defendant found not guilty by reason of insanity is to be committed to a state hospital for care and treatment, unless it appears the defendant has fully recovered his sanity.  (§ 1026, subd. (a).)  A defendant thus committed to a state hospital may be released "upon (1) restoration of sanity pursuant to section 1026.2, (2) expiration of the maximum term of commitment under section 1026.5, or (3) approval of outpatient status under Section 1600 et seq." (*People v. Cross* (2005) 127 Cal.App.4th 63, 72; § 1026.1.)  If a defendant is eligible to seek release pursuant to the provisions of section 1026.2, it is reversible error for a trial court to deny a defendant's petition for

3

release without providing a hearing. (§ 1026.2, subd. (e); *People v. Soiu* (2003) 106 Cal.App.4th 1191, 1196-1198.)

Prior to the expiration of a defendant's initial commitment pursuant to section 1026, on the recommendation of the medical director of the state hospital or treatment facility where a person is committed, a prosecuting attorney may seek to extend the commitment of the committed person for an additional two years pursuant to section 1026.5(b) where the committed person "by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others." (§ 1026.5(b)(1)-(2) & (8).) "A person committed under [section 1026.5(b)] shall be eligible for release to outpatient status pursuant to the provisions of Title 15 (commencing with Section 1600) of Part 2." (§ 1026.5(b)(9).)

### III. Analysis

To be eligible for extended commitment pursuant to section 1026.5(b), the person must first be committed pursuant to section 1026. (§ 1026.5(b)(1).) Any person committed pursuant to the provisions of section 1026 is imbued with two methods to seek early release to outpatient treatment: (1) "[p]ursuant to the provisions of Section 1026.2," and (2) "[a]s otherwise expressly provided in Title 15 (commencing with Section 1600) of Part 2." (§ 1026.1, subds. (a) & (c).) However, once a person is subjected to extended commitment pursuant to section 1026.5(b), his early release options are limited by the express language of section 1026.5(b)(9) to permit an early release only "pursuant to the provisions of Title 15 (commencing with Section 1600) of Part 2." Any other reading of that section would render section 1026.5(b)(9) superfluous.

If, as defendant contends, a person initially committed under section 1026 remains so despite a subsequent extended commitment pursuant to section 1026.5(b), there would never be a case where section 1026.5(b)(9) would apply. Rather, a person subjected to extended commitment would continue to avail himself of the early release provisions

4

identified in section 1026.1. Also, as section 1026.1 provides for the possibility of early release pursuant to the provisions of section 1600 et seq., the identification of those provisions in section 1026.5(b)(9) would be unnecessary. Because defendant's interpretation would render section 1026.5(b)(9) superfluous, we reject it.

Therefore, as defendant was subject to an extended commitment pursuant to section 1026.5(b) at the time he filed his petition for early release to outpatient treatment pursuant to section 1026.2, his only statutory remedy for seeking early release was "pursuant to the provisions of Title 15 (commencing with Section 1600) of Part 2" (§ 1026.5(b)(9)), and defendant's petition did not comply with the requirements of a petition for release set forth in section 1600 et seq. (See § 1604, subd. (a) [the director of the state hospital or treatment facility may initiate early release under these provisions by recommending the same to the court; a committed person may not initiate the judicial release process]; see also §§ 1602, subd. (a)(1), 1603, subd. (a)(1).) Accordingly, it was not error for the trial court to summarily deny defendant's petition.

## DISPOSITION

The judgment is affirmed.

                                                              BUTZ                    , J.

We concur:

          BLEASE                , Acting P. J.

          DUARTE                , J.

5